UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLEN ODELL WOODS (#215279)

VERSUS

SETH SMITH, ET AL.

CIVIL ACTION

NO. 21-159-SDD-RLB

ORDER

Before the Court is the petitioner's Motion to Stay Proceedings and Hold in Abeyance (R. Doc. 2) wherein the petitioner asks this Court to stay the proceedings herein until the petitioner has exhausted his state court remedies presented in his second Application for Post-Conviction Relief. In his second Application, which is currently pending before the state district court, the petitioner seeks DNA testing.

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before presenting them to the district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....") The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contained even a single unexhausted claim – the "total exhaustion" requirement. *Rose v. Lundy,* 455 U.S. 509, 518–19 (1982).

In *Rhines v. Weber,* 544 U.S. 269 (2005), the Supreme Court created an exception to *Lundy* for mixed petitions. The Supreme Court held that a district court may stay a mixed petition rather than dismiss it, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court. *Id.* However, the Court feared that liberal use of this stay-and-abeyance procedure might undermine the Antiterrorism and Effective Death

Penalty Act's twin purposes of encouraging the swift execution of criminal judgments and favoring the resolution of habeas claims in state court, if possible, before resorting to federal review. *Id.* at 276–78. Therefore, *Rhines* mandated that a district court should grant a stay and abeyance only in limited circumstances where: (1) the petitioner had good cause for his failure to exhaust his claims first in state court, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.*

In the instant matter, it does not appear that the plaintiff's unexhausted claims related to DNA testing and evidence are potentially meritorious. The dispositive question at trial was the victim's consent or lack thereof. Further DNA testing would not be relevant to this issue since the plaintiff's defense was that of a consensual encounter and DNA confirmed the presence of the petitioner's sperm in the victim's vagina. Identification of a second DNA contributor would not exclude the plaintiff as the perpetrator. Accordingly,

**IT IS ORDERED** that the petitioner's Motion (R. Doc. 2) be and is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on July 28, 2021.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE